IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | |
|---|---|
| **GABRIEL CABRERA** § | |
| § | |
| v. § | **CIVIL ACTION NO: 2:14-492** |
| § | **JURY DEMAND** |
| **CITY OF ALICE, TEXAS;** and § | |
| **NICOLAS PABLO JUAREZ,** *Individually* § | |

## PLAINTIFF'S ORIGINAL COMPLAINT

**TO THE HONORABLE UNITED STATES DISTRICT COURT JUDGE:**

**NOW COMES** Plaintiff, Gabriel Cabrera, filing this, his *Plaintiff's Original Complaint*, and bringing this action against the City of Alice, Texas, and Nicolas Pablo Juarez, *Individually,* as said Defendants, jointly and severally, have denied Plaintiff his rights as guaranteed by the Constitution and laws of the United States of America and the State of Texas.

## JURISDICTION AND VENUE

1.    This court has jurisdiction over this action pursuant to 28 U.S.C. § 1331 (federal question) and 28 U.S.C. § 1343(3) (civil rights).  This court also has supplemental jurisdiction pursuant to 28 U.S.C. § 1367 to hear the state claims that will be set forth in this complaint.  Venue is proper in the Southern District of Texas, Corpus Christi Division, as this is the district where the claim arose in accordance to 29 U.S.C. § 1391(b).

## PARTIES

2.    Plaintiff Gabriel Cabrera (hereinafter "Mr. Cabrera") is a resident of Alice, Jim Wells County, Texas.

3.    Defendant City of Corpus Alice, Texas, (hereinafter "City"), is a Alice, Texas, Mayor Larry Martinez, 500 E Main St., Alice Texas 78333 or P.O. Box 3229, Alice, Texas 78333.

4.    Defendant Nicolas Pablo Juarez (hereinafter "Juarez") was, at all times material to this suit, an officer employed by the ALICE POLICE DEPARTMENT.  Each of the acts complained of herein arises from the conduct of Defendant while acting under color of state law, and was committed within the scope of his employment and authority with the ALICE POLICE DEPARTMENT.  Defendant

Juarez can be served with summons at his place of employment, ALICE

**FACTS**

5. Whenever, in this complaint it is alleged that any Defendant did any act, thing, and/or omission, it is meant that Defendant and/or Defendant's officers, agents, servants, employees or representatives did such act, thing and/or omission and that at the time it was done with full authorization and/or ratification of Defendant or done in the normal and routine course and scope of employment of Defendant and/or Defendant's officers, agents, servants, employees or representatives.

6. On or about December 20, 2012, Mr. Cabrera was at work with the railroad in Alice, Texas. His boss told him to take a break and he stepped outside and saw a police officer making a traffic stop. Mr. Cabrera began filming the traffic stop on his cell phone. Defendant Juarez noticed Mr. Cabrera standing in the distance and began to approach him. As Defendant Juarez approached Mr. Cabrera informed him that he was on private property. Defendant Juarez, thinking he is a police officer and can do whatever he wants, continued his approach and asked Mr. Cabrera to identify himself. Mr. Cabrera once asked what he had done wrong and once again he informed Defendant Juarez he was on private property to please leave. At that time, Defendant Juarez arrested Mr. Cabrera and transported him to the jail, where Mr. Cabrera stayed overnight. Because of his arrest Mr. Cabrera, a single parent, lost his job, his vehicle was repossessed, and he could no longer pay his bills.

7. Mr. Cabrera was charged with failure to identify. Such charge was later dismissed.

8. Mr. Cabrera is informed and believes, and thereupon alleges that in committing said acts and/or omissions, each Defendant was the agent and employee of each other Defendant and was acting within such agency and employment and that each Defendant was acting under color of state law.

9. At all pertinent times, Defendant City of Alice (by and through the Alice Police Department) authorized and ratified the wrongful and tortuous acts and/or omissions of its officers.

**FIRST CLAIM FOR RELIEF - - §1983**

10.     The allegations contained in Paragraphs 5 through 9 are herein incorporated by reference, the same as if fully set forth verbatim for any and all purposes of this pleading.

11.     **Section 1983.**  The Civil Rights Act of 1871 (Ku Klux Klan Act), now codified as 42 U.S.C. § 1983 as federal law provides: "Every person who, under color of any statute, ordinance, regulation, custom or usage, of any state or territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or any other person within the jurisdiction thereof to the deprivation of any laws, privileges or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress."  42 U.S.C. § 1983.

12.     The state action requirement for standing under 42 U.S.C. § 1983 has more commonly been referred to as "color of state law," from the statute itself.  Mr. Cabrera is informed and believes, and thereupon alleges that in committing said acts and/or omissions, each Defendant was the agent and employee of each other Defendant and was acting within such agency and employment and that each Defendant was acting under color of state law.

13.     42 U.S.C. § 1983 requires that the conduct complained of must have deprived the person of some privilege or immunity secured by the Constitution or laws of the United States.  As such, Mr. Cabrera alleges that Defendants, jointly and/or severally deprived him of his Fourth Amendment rights and those rights, privileges, and immunities secured by the Fourth and Fifth Amendments to the Constitution incorporated and applied to the states through the Fourteenth Amendment. Defendants violated this provision by the following actions, *inter alia*, and/or omissions:

    a)     by falsely and maliciously charging Mr. Cabrera with the commission of a crime without probable cause to believe that such crime had occurred and on the sole basis of hatred and/or anger.

14.     The Fourth Amendment guarantees security from unreasonable search and seizure.  It includes the expectation of privacy, the right to be free from arrests without probable cause to believe the arrested person committed a crime.  Accordingly, Mr. Cabrera alleges that he was subjected to

an unreasonable search and seizure, had his expectation of privacy violated, was detained without reasonable suspicion and/or probable cause.

15. **§ 1983 - Search & Seizure**. When a person, such as Mr. Cabrera is seized and is not a "suspect" and has committed no crime, but is forced to undergo police escalation and brutality of the situation, the importance of the governmental interests alleged to justify the intrusion is necessarily diminished. As such, the actions and/or omissions of said officers cannot be justified under the circumstances of the instant case.

16. Likewise, Defendants are liable if they conduct the search or seizure in an abusive manner even if they have the lawful authority to conduct the search and seizure. Mr. Cabrera in this situation is protected by the Fourth Amendment to the United States Constitution and Article I, Sec. 9 of the Texas Constitution. The right to security in person and property protected by the Fourth Amendment may be invaded in quite different ways by searches and seizures. A search comprises the individual interest in privacy; a seizure deprives the individual of dominion over his or her person or property. In this instance, the search of Mr. Cabrera was done without his consent.

17. **§ 1983 - Municipal liability.** It is also well-established that municipalities are liable under 42 U.S.C. § 1983 for constitutional torts that are in compliance with the municipality's customs, practices, policies or procedures. A municipality is liable for constitutional deprivations visited pursuant to governmental custom even though such custom has not received formal approval through the body's official decision making channels. In this case, the City of Alice is liable because it sanctioned the custom, practice and/or policy or procedure of illegal searches, illegal seizures and/or violating their citizens' right to be free of unwanton search and seizure. Defendant's actions were a customary practice and/or policy or procedure that was sanctioned by the City of Alice out of which deprived Mr. Cabrera of his civil rights by statute and by both the Texas and United States Constitutions. Liability for the City of Alice is established under §1983 because the searching and seizing citizens without no justification, is a persistent, widespread practice of city employees -- namely police officers -- that, although not authorized by officially adopted policy, is so common

and well settled as to constitute a custom that fairly represents official municipal policy. The City of Alice has actual or constructive knowledge of this practice, custom, and/or policy or procedure and sufficiently numerous prior incidents of police officers beating citizens establishes custom and accession to that custom by the City's policy makers. The City of Alice's unspoken policy of illegally searching and seizing citizens is a decision that reflects deliberate indifference to the risk that a violation of a particular constitutional or statutory rights will follow the decision. In the alternative, the City of Alice is liable under §1983 for failure to adopt a policy precluding officers from beating citizens because such failure to adopt such a policy is one of intentional choice.

18. Moreover, the City of Alice is liable for inadequate training of police officers under §1983. Liability attaches to the City of Alice because the City's failure to train amounts to deliberate indifference to the rights of the persons with whom the police come in contact. In particular, Mr. Cabrera alleges that the training program in relation to the tasks a particular officer must perform is inadequate in the respect that the program fails to teach new police persons that illegally detaining and/or searching citizens violates citizens' constitutional rights. As such, the deficiency in training actually caused Defendants to violate Mr. Cabrera constitutional rights.

19. **§ 1983 - Qualified Good Faith Immunity**. Qualified good faith immunity stands for the proposition that even though the civil rights of a complainant may have been violated, if the officer engaged in the conduct in good faith there is no liability for that individual. The standard by which an officer's entitlement to good faith qualified immunity is objective not subjective. Defendant's actions judged by such objective standard protects, "all but the plainly incompetent or those who knowingly violate the law." The determination of objective reasonableness must be based on a version of the facts most favorable to the Mr. Cabrera. To the extent that credibility questions exist, a fact-finder continues to be necessary. In the instant case, Mr. Cabrera alleges that Defendant is not entitled to claim "qualified good faith immunity." Importantly, Defendant never had a good faith belief in his conduct because he acted in a manner demonstrating that he was plainly incompetent and knowingly violated Mr. Cabrera's civil rights. When the facts are taken in the light most

favorable to Mr. Cabrera, it is clear that Mr. Cabrera was merely taking a break, on private property, and was recording a traffic stop, when he was harassed and/or arrested. Mr. Cabrera has asserted a violation of his constitutional right to be free from unreasonable search and seizure and his right to privacy; this right was clearly established at the time of Defendant's actions. Moreover, Defendant's actions were objectively unreasonable in the sense that he knew or reasonably should have known that the actions taken within his authority or responsibility would violate Mr. Cabrera's constitutional rights.

20.  **§1983 - False Arrest and/or False Imprisonment**. Mr. Cabrera further alleges that Defendant Juarez violated his Fourth Amendment rights when he was unreasonably falsely arrested and detained.

21.  Mr. Cabrera pleads a § 1983 claim for false arrest under the Fourth Amendment as Defendant Juarez arrested him without probable cause. Defendant Juarez did not have probable cause to arrest him because the facts and circumstances within his knowledge was not reasonably sufficient to warrant a prudent officer to believe that he had committed or was committing an offense. On an objective basis, it is obvious that no reasonably competent officer would have concluded that a mere conversation warranted Mr. Cabrera's arrest.

22.  **§ 1983 - Malicious Prosecution**. Mr. Cabrera also pleads a cause of action for malicious prosecution under §1983. Defendant Juarez, acting under color of state authority, maliciously charged Mr. Cabrera with a crime and tendered false information concerning said charge to the prosecutor which leads that person to believe that probable cause exists when there is none. Additionally, Mr. Cabrera can demonstrate that the prosecution that is central to his civil lawsuit terminated in his favor. Defendant Juarez not only caused the prosecution to be brought, but was prepared to testify, and submitted information in such regard, in aid of such prosecution. Said prosecution terminated in favor of Mr. Cabrera. Defendant Juarez acted without probable cause and with malice and caused Mr. Cabrera to expend funds in hiring an attorney and further caused Mr. Cabrera to suffer mental anguish damages.

## **DAMAGES**

23.     As a result of the foregoing unlawful and wrongful acts of Defendants, jointly and severally, Mr. Cabrera has been caused to suffer general damages which include but are not limited to the following:  both physical and emotional injury, including but not limited to - - emotional and mental distress, and personal humiliation and shock.

24.     Said injuries have caused Mr. Cabrera to incur special damages which include but are not limited to:  past medical expenses, lost profits and the occurrence of attorneys' fees associated with his criminal charges.

25.     Pursuant to the Civil Rights Attorney's Fees Award Act, 42 U.S.C. § 1988, a prevailing party in a  § 1983 case is entitled to recover his attorney's fees.   Hence, Mr. Cabrera further prays for all costs and attorney fees associated with bringing the present case to trial.

26.     In addition, Mr. Cabrera prays for punitive damages against the individual Defendant.  Punitive damages are designed to punish and deter persons such as Defendants who have engaged in egregious wrongdoing.  Punitive damages may be assessed under § 1983 when a Defendant's conduct is shown to be motivated by evil motive or intent, or when it involves reckless or callous indifference to the federally-protected rights of others.  While municipal defendants are absolutely immune from § 1983 awards of punitive damages, such damages may be awarded against a public employee or official in their individual capacity.  Therefore, Mr. Cabrera alleges and prays for punitive damages against the individual Defendant, as such Defendant actually knew that his conduct was unconstitutional, and/or was callously indifferent to its legality.

**WHEREFORE PREMISES CONSIDERED**, Mr. Cabrera prays that upon trial of the merits, he recover compensatory damages against Defendants, jointly and severally; that Mr. Cabrera also recover punitive damages against the individual Defendant in an amount to punish and/or deter and to make an example of that Defendant in order to prevent similar future conduct; and, that Mr. Cabrera recover against each Defendant all reasonable and necessary attorney's fees, court costs and expenses in regards to the present suit in litigation.  Moreover, Mr. Cabrera  prays for all pre-

judgement and post judgement interest that can be assessed against the Defendants in the event of recovery; and that Mr. Cabrera recover against each Defendant any and all other general or specific relief to which he proves himself justly entitled.

Respectfully submitted,

THE GALE LAW GROUP
P.O. Box 2891
Corpus Christi, Texas 78403
Telephone: (210)885-6868
Telecopier: (877)204-6228
E-mail: cjgale@me.com

By: /s/ Christopher J. Gale
Christopher J. Gale
Southern District Bar No. 27257
Texas Bar Number 00793766
*Attorney-in-Charge for Plaintiff*

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands trial by jury pursuant to Fed.R.Civ.P. 8(b).